UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT J. BETTS,<br><br>        Petitioner,<br><br>  vs.<br><br>MAGGIE MILLER-STOUT,<br><br>        Respondent. | NO.  CV-06-326-MWL<br><br>REPORT AND RECOMMENDATION TO DISMISS ACTION |

By Order filed December 18, 2006, the court advised Petitioner of the deficiencies of his *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  Specifically, the court noted Plaintiff had not exhausted his state court remedies.  Furthermore, any challenge to the Washington State Supreme Court's interpretation of RCW § 69.50.401(a)(1)(ii) in *State v. Cromwell*, 157 Wn.2d 529 (2006), as applied to Mr. Betts's appeal, would need to be pursued to the United States Supreme Court.  Petitioner presents no allegations he has done so.  His assertion it would be futile to appeal his case to the Washington State Supreme Court will not excuse the exhaustion requirement.

///

REPORT AND RECOMMENDATION TO DISMISS ACTION -- 1

Furthermore, as Petitioner was advised in the court's previous order, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. The Federal District Court cannot revisit the Washington Supreme Court's construction of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's claim is founded on his belief that the Washington State Supreme Court has misconstrued the criminal statute at issue in his case. This court, however, is precluded from second-guessing State Court construction of a state criminal statute on federal habeas review. *Id.*

For the reasons set forth above and in the previous Order, the court finds Petitioner plainly is not entitled to the relief he seeks. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, **IT IS RECOMMENDED** this action be **DISMISSED WITHOUT PREJUDICE** to Petitioner seeking an appropriate remedy through the Washington State Supreme Court, and by petition for *writ of certiorari* to the U.S. Supreme Court.

### OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file with the District Court Executive all written objections, specifically identifying the portions to which objection is being made, and the basis therefor. Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

///

REPORT AND RECOMMENDATION TO DISMISS ACTION -- 2

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination.  The district judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon.  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  See 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 73, and LMR 4, Local Rules for the Eastern District of Washington.  A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed. has failed to amend his habeas petition to state a claim upon which relief may be granted.

The District Court Executive is directed to enter this Report and Recommendation, forward a copy to Petitioner and set a case management deadline accordingly.

**DATED** this    20th    day of February 2007.


                        S/Michael W. Leavitt
                        MICHAEL W. LEAVITT
                    UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS ACTION -- 3