UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT J. BETTS,<br><br>        Petitioner,<br><br>  vs.<br><br>MAGGIE MILLER-STOUT,<br><br>        Respondent. | NO.  CV-06-326–MWL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION |

BEFORE THE COURT are Petitioner's Objections (Ct. Rec. 13) to the Report and Recommendation to Dismiss this Action (Ct. Rec. 12). After review of the record, including Petitioner's Objections, and for the reasons set forth below and by the Magistrate Judge, **IT IS ORDERED** the Report and Recommendation is **ADOPTED in its entirety**.

Petitioner first challenges the Magistrate Judge's finding that he did not properly exhaust his state court remedies. Petitioner again asserts his Personal Restraint Petition, which raised the same issue as in *State v. Cromwell*, 157 Wash.2d 529, 140 P.3d 593 (2006), was stayed while the Washington State Supreme Court decided the *Cromwell* case. Petitioner seems to assert, because the same federal claim at issue in his petition was fairly presented to the state courts by other litigants in a separate action, this should excuse his obligation to exhaust his own claim to the state's highest court.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 1

Petitioner's assertion is flawed.  He admits he has not pursued his Personal Restraint Petition beyond the Washington State Court of Appeals, claiming the *Cromwell* decision would render such pursuit futile.  The Ninth Circuit, however, has held that the apparent futility of presenting claims to state courts is not cause for failing to exhaust state court remedies.  *See Noltie v. Peterson,* 9 F.3d 802, 805 (9th Cir. 1993).  Therefore, **IT IS ORDERED** the Magistrate Judge's Report and Recommendation regarding exhaustion is **ADOPTED.**

Next, Petitioner claims the Magistrate Judge misconstrued the issue in his petition and improperly advised that any challenge to the Washington State Supreme Court's interpretation of a state statute should be pursued to the United States Supreme Court.  Petitioner contends he is not challenging the Washington State Supreme Court's interpretation of RCW 69.50.401(a)(1)(ii).  Rather, he asserts his issue was whether he received fair notice of the conduct forbidden by RCW 69.50.401(a)(1)(ii).

In *Cromwell*, the Washington State Supreme Court determined the prohibition against delivery of methamphetamine in salts form, as well as base form, was encompassed by former RCW 69.50.401(a)(1)(ii). *State v. Cromwell*, 157 Wash.2d at 536-37, 140 P.3d 593.  Petitioner contends the molecular structure of methamphetamine and methamphetamine hydrochloride is different.  He asserts the Washington Supreme Court used an inappropriate definition of methamphetamine, and read "salts, isomers and salts of isomers" into former RCW 69.50.401(a)(1)(ii). Petitioner claims the law did not inform him that it was a class "B" felony to deliver a salt of methamphetamine.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 2

Petitioner's assertion that he was not given fair notice of forbidden conduct is not well taken. When a person does an act that he well knows to be a violation of some law, and when a statute is later interpreted to cover his conduct in a way that does not do violence to the ordinary understanding of the English language, the Fourteenth Amendment is not offended. *See Knutson v. Brewer*, 619 F.2d 747, 750 (8th Cir. 1980). Petitioner was not pursuing purely innocent behavior when he admittedly delivered a salt of methamphetamine. Where a State Supreme Court does not interpret a statute to encompass what had heretofore been "innocent" conduct, there is no constitutional violation. *Id.*

Accordingly, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 12) is **ADOPTED in its entirety** and this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner seeking an appropriate remedy through the Washington State Supreme Court, and by petition for *writ of certiorari* to the U.S. Supreme Court.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner at his last known address and close the file.

**DATED** this 21st day of March 2007.

                          *S/ Robert H. Whaley*
                           ROBERT H. WHALEY
                 CHIEF UNITED STATES DISTRICT JUDGE

Q:\CIVIL\2006\Betts\6cv326mwl-3-8-dishc.wpd

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 3